b

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| MAHINDRA USA INC,<br>Plaintiff | CIVIL DOCKET NO. 1:25-CV-01375 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| RED DIRT ATV & TRACTOR L L C,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss Counterclaim or, Alternatively, Motion for More Definite Statement filed by Plaintiff Mahindra USA, Inc. ("Mahindra"). ECF No. 16. Defendant Red Dirt ATV & Tractor, LLC ("Red Dirt") opposes. ECF No. 22.

Because the deficiencies identified by Mahindra have been cured by Red Dirt's Amended Counterclaim (ECF No. 21), IT IS RECOMMENDED that Mahindra's Motion to Dismiss Counterclaim or Alternatively, Motion for More Definite Statement (ECF No. 16) be DENIED.

## I.    Background

In 2023, Mahindra and Red Dirt entered into a Dealer Agreement. ECF No. 1 ¶21. Mahindra alleges Red Dirt has failed to comply with various advertising policies. *Id.* ¶¶31, 33–34, 37. On January 31, 2025, Mahindra sent Red Dirt a "Notice of Non-Compliance and Need to Cure," giving Red Dirt sixty days to cure the identified deficiencies. *Id.* ¶40. Mahindra maintains that Red Dirt continues "to engage in advertising practices that run afoul of Mahindra's policies and the Dealer

Agreement." *Id.* ¶42. Mahindra seeks a declaratory judgment against Red Dirt finding that Mahindra has good cause to terminate Red Dirt as a dealer. ECF No. 1 ¶¶52, 61.

Red Dirt asserted counterclaims against Mahindra. ECF No. 12 ¶¶10–16. Mahindra argues dismissal of the counterclaims is required because Red Dirt does not provide "statements of any claims showing that Red Dirt is entitled to relief," does not assert "the requisite grounds or factual allegations to give Mahindra 'fair notice,'" and does not "plead the elements to any causes of action." ECF No. 16 at 8. Alternatively, Mahindra moves to require a more definite statement because "Mahindra cannot discern what causes of action are actually being asserted or the specific facts alleged in support of each." *Id.* at 9–10.

Shortly thereafter, Red Dirt sought leave to file an Amended Counterclaim to address the deficiencies identified by Mahindra. ECF Nos. 18 at 1 & 22 at 1. Mahindra did not oppose the filing of the Amended Counterclaim. *Id.* Red Dirt's Amended Counterclaim was subsequently filed. ECF Nos. 20 & 21. Mahindra filed an Answer. ECF No. 24.

## II.    Law and Analysis

### a.    Rule 12(b)(6) Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss all or part of a counterclaim for "failure to state a claim upon which relief can be granted." But a counterclaim should not be dismissed "if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Legate v.*

*Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted).

A claim is "facially plausible" when the facts alleged "allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal citation and quotation omitted). Factual allegations need not be detailed but must "raise a right to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020). A court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Id.* However, a court need not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Arnold*, 979 F.3d at 266 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)).

Here, Red Dirt filed an Amended Counterclaim after Mahindra moved for dismissal. "Generally, an amended pleading supersedes the original, thus rendering moot any motions based on that original pleading." *McCully-Chapman Expl., Inc. v. Ovintiv USA, Inc.*, No. 24-CV-00018, 2024 WL 1481434, at *1 (W.D. Tex. Mar. 11, 2024). However, where the "amended pleading does not address the issues raised in the motion to dismiss," the Court "may still deem the motion live and rule on it." *Id.*

Here, Mahindra does not argue why specific claims do not entitle Red Dirt to relief, focusing instead on the previous counterclaim's general failure to include statements showing entitlement to relief, to allege specific grounds or facts that give

3

Mahindra fair notice of Red Dirt's claims, and to plead the elements to a cause of action. ECF No. 16 at 8. The Amended Counterclaim addresses those deficiencies.

Unlike the previous counterclaim, Red Dirt separated the Amended Counterclaim into discrete counts, and each count sets forth the specific facts supporting the alleged legal entitlement to relief. *Compare* ECF No. 12 ¶¶10–16 *with* ECF No. 21. Mahindra has not addressed how the Amended Counterclaim still fails to state a claim upon which relief can be granted. Mahindra's previous arguments no longer appear applicable, and a general assertion that the claims are not cognizable, without more, is insufficient. *See Jeanty v. TXFM, Inc.*, No. 19-CV-00366, 2021 WL 12310603, at *5 (E.D. Tex. Apr. 7, 2021) ("[A] bare motion to dismiss without any bases asserted or that fails to identify why the defendant believes the plaintiff failed to state a claim is generally insufficient for the purpose of Rule 12(b)(6)."). Therefore, the Amended Counterclaim redressed Mahindra's previously identified deficiencies.

Further, Mahindra has filed an Answer to Red Dirt's Amended Counterclaim. ECF No. 24. A motion asserting a Rule 12(b)(6) "must be made *before* pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). While Mahindra still maintains the Amended Counterclaim fails to state a claim, the filing of its Answer renders untimely any Rule 12(b)(6) motion premised on the Amended Counterclaim. At this juncture, the proper avenue for relief would be a Rule 12(c) motion for judgment on the pleadings. Should Mahindra believe dismissal of the Amended Counterclaim is still warranted, the proper motion should be filed.

Because the Amended Counterclaim addresses the deficiencies identified in Mahindra's Motion to Dismiss, the Motion should be denied.

### b. Rule 12(e) Standard

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "The motion must be made *before* filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e) (emphasis added).

Here, Mahindra filed an Answer to Red Dirt's Amended Counterclaim. ECF No. 24. Plainly, then, the Amended Counterclaim is not so "vague it cannot be responded to." *Newcourt Leasing Corp. v. Reg'l Bio-Clinical Lab'y, Inc.*, 2000 WL 134700, at *1 (E.D. La. Feb. 1, 2000) (citation omitted). Because Mahindra filed an Answer, any previous deficiency preventing its response has been redressed, and Mahindra's alternative request for a more definite statement should accordingly be denied.

### III.    Conclusion

Because the deficiencies identified by Mahindra have been cured by Red Dirt's Amended Counterclaim (ECF No. 21), IT IS RECOMMENDED that Mahindra's Motion to Dismiss Counterclaim or Alternatively, Motion for More Definite Statement (ECF No. 16) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service,

unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, April 14, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE